## IN THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

THERESA VILLANUEVA FRAZIER,           )
                                      )
                                      )
                                      )    CIVIL ACTION FILE NO.:
          Plaintiff,                  )
                                      )
v.                                    )
                                      )    **JURY TRIAL DEMANDED**
                                      )
EMSERE, INC.,                         )
                                      )
                                      )
          Defendant.                  )

## COMPLAINT

Plaintiff Theresa Frazier ("Plaintiff" or "Ms. Frazier") respectfully submits the following Complaint:

## INTRODUCTION

At all times relevant to this dispute, Emsere, Inc. (also known as, "Emsere" or "Defendant") employed Plaintiff from 2017 through 2022. Based on the treatment she suffered in 2022, Plaintiff asserts national origin discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and race/ethnicity discrimination and retaliation claims under 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

1.      Plaintiff's claims under Title VII present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2.      This court is a proper venue of the Plaintiff's claims under 28 U.S.C. 1391(b), because the Plaintiff resides in the Northern District of Georgia. Furthermore, the unlawful conduct giving rise to these claims occurred while the Plaintiff lived in this District.

## THE PARTIES

3.      Plaintiff resided in the Northern District of Georgia and was a citizen of Georgia at all times relevant to this litigation.  Plaintiff was an employee of Defendant at all times material to the Complaint.

4.      Defendant is a for-profit company licensed to do business in Georgia that transacts business in the Northern District of Georgia.

5.      Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process Manori de Silva, 410 Plasters Avenue, Suite 200, Atlanta, Georgia 30324.

6.      Defendant is a covered employer under Title VII.

## ADMINISTRATIVE PROCEEDINGS

7.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8.    The EEOC issued Plaintiff her notice of right to sue.

9.    All administrative prerequisites for filing suit on Plaintiff's Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

10.    Plaintiff is a United States Citizen of Mexican ancestry.

11.    Ms. Frazier began her employment at Emsere in January 2017 as an Administrative Assistant.

12.    She was promoted numerous times reaching her highest position of Manager of Warehousing in 2020.

13.    In May 2022, Plaintiff applied for a promotion to Procurement Manager.

14.    A less qualified white man with no Mexican ancestry was hired to serve as the Procurement Manager.    Emsere never even acknowledged Plaintiff's application.

15.    On September 1, 2022, in the midst of a workplace meeting with Patrice Gerard, Director of United States Operations, and Jade Hutton, US Operations Manager, to discuss the construction of components of a warehouse, Gerard made an insensitive, discriminatory comment about Mexicans.

16.    Being of Mexican ancestry Ms. Frazier rightly took offense to the comment.

17.    Ms. Frazier reported Gerard's discriminatory statement to Human Resources on September 2, 2022.  In a follow-up meeting six days later with Gerard, Hutton, and a Human Resources representative, Gerard stated that Ms. Frazier should think about whether Emsere was still the "best fit for her."

18.    Emsere then stripped Ms. Frazier of several of her supervisory responsibilities and removed her from the management office.

19.    On October 4, 2022, just a month after she informed Human Resources of the discriminatory comment, Emsere issued a Performance Improvement Plan to Ms. Frazier without issuing any lesser form of discipline to her prior to that Plan. Prior to that PIP, Emsere never disciplined Plaintiff and she had very positive performance evaluations.  In accordance with that unwarranted discipline, Emsere removed half of her team from her department and required her to complete daily reports.

20.    As a result of the discriminatory and retaliatory adverse employment actions, Plaintiff resigned on October 24, 2022.

## COUNT I

### DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

21.    Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

22.    Defendant discriminated against Plaintiff by failing to promote her, stripping her of job responsibilities, in the use of racially charged or xenophobic language in the workplace, and by causing her de facto demotion and constructive discharge.

23.    Defendant also disciplined Plaintiff by placing her on a Performance Improvement Plan.  Plaintiff resigned as a result of the discriminatory treatment.

24.    Defendant's stated reason for failing to promote Plaintiff, stripping her of job responsibilities, placing her on a PIP, and causing her de facto demotion and discharge is pretext for national origin discrimination.

25.    Defendant's discriminatory treatment of Plaintiff was in violation of Title VII.

26.    Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

27.    Defendant's discriminatory actions against Plaintiff were taken in bad faith.

28.    As a result of Defendant's discriminatory treatment and adverse employment actions of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

29.    Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

30.    Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

31.    Defendant discriminated against Plaintiff by stripping her of job responsibilities, in the use of racially charged or xenophobic language in the workplace, placing her on a PIP, and causing her de facto demotion and constructive discharge.

32.    Defendant took these adverse actions against Plaintiff because of her race or ethnicity.

33.    Defendant's stated reasons for the adverse actions are pretext for racial or ethnicity discrimination.

34.    Defendant's discriminatory treatment of Plaintiff was in violation of 42 U.S.C. § 1981 ("Section 1981").

35.    Defendant willfully and wantonly disregarded Plaintiff's rights under Section 1981 and acted in reckless disregard for Plaintiff's rights under Section 1981.

36.    Defendant's discriminatory actions against Plaintiff were taken in bad faith.

37.    As a result of Defendant's discriminatory treatment of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

38.    Pursuant to Section 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

39.    Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

40.    Plaintiff engaged in protected activity under Title VII by making internal complaints to Defendant alleging national origin or ethnicity discrimination.

41.    Defendant retaliated against Plaintiff by stripping her of job responsibilities, placing her on a PIP, and causing her de facto demotion and constructive discharge.

42.    Defendant's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, race or ethnicity discrimination, constitute unlawful intentional retaliation in violation of Title VII.

43.    Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

44.    As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

45.    Pursuant to Title VII, Plaintiff is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Title VII.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

46.    Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

47.    Plaintiff engaged in protected activity under § 1981 by making internal complaints to Defendant alleging racial or ethnicity discrimination.

48.    Defendant retaliated against Plaintiff by stripping her of job responsibilities, placing her on a PIP, and causing her de facto demotion and constructive discharge.

8

49.     Defendant's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, race or ethnicity discrimination, constitute unlawful intentional retaliation in violation of § 1981.

50.     Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

51.     As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

52.     Pursuant to § 1981, Plaintiff is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)     A declaration that Defendant has violated the rights of Plaintiff under the federal statutes listed above;

(b)     A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c)    Full back pay, taking into account all raises to which Plaintiff would have been entitled but for their unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)    Reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)    Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's garden variety emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)    Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g)    Reasonable attorneys' fees and costs.

(h)    Other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on this 10th day of January 2025.

LEGARE, ATTWOOD & RAGAN, LLC

*/s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

10

Decatur Town Center Two
125 Clairemont Avenue, Suite 515
Decatur, Georgia 30030
Telephone: (470) 823-4000